Andres M. Hermosillo, Esq., Utah State Bar No. 14896
Franz Hardy, Esq. (*pro hac vice admission*)
Gordon Rees Scully Mansukhani, LLP
555 Seventeenth Street, Suite 3400
(303) 534-5160
ahermosillo@grsm.com; fhardy@grsm.com
Attorneys for Metropolitan Life Insurance Company

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| NICOLE B. MAYOR,<br><br>　　　　Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, itself and as administrator of Union Pacific Corporation Nonagreement Life Insurance Plan 0149653,<br><br>　　　　Defendant. | **RESPONSE TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Case No. 1:25-cv-00012-DBB-DAO<br><br>Judge David Barlow<br>Magistrate Judge Daphne A. Oberg |

Defendant Metropolitan Life Insurance Company ("MetLife"), through its attorneys, submits this Response to the Motion for Leave to File Amended Complaint.

I. INTRODUCTION

This case involves a dispute over accidental death benefits under an employee welfare benefit plan governed by ERISA. Plaintiff alleges she is entitled to such benefits because of the death of her spouse although he died due to an "acute mixed drug intoxication (fentanyl and sertraline)." As claim administrator, MetLife denied plaintiff's claim as her spouse's death was subject to an applicable exclusion for non-prescribed drugs and medication and, therefore, was not a covered loss under the terms of the plan. Plaintiff filed this lawsuit asserting two claims for: (1) penalties for the failure to provide required documents, and (2) the denial of her claim for benefits. MetLife recently moved

to dismiss the first claim as it is not the plan administrator and, thus, not liable under ERISA for purportedly failing to provide documents.

In conceding MetLife's position, plaintiff now seeks leave to amend her Complaint to add Union Pacific and certain of its representatives as defendants as the plan administrators, as well as to set forth new allegations against MetLife. She baldly asserts that discovery may reveal that MetLife acted as the agent of the plan administrator and she needs such discovery to obtain a purported administrative services agreement between MetLife and Union Pacific to potentially prove this. Plaintiff argues that, if her theory is viable, then Union Pacific is ultimately liable for penalties for MetLife's alleged failure to provide her with requested documents. Plaintiff also asserts that amendment is warrant because she made a direct request to Union Pacific for plan information without response.

Plaintiff's proposed amendment is both legally and factually deficient and should be denied as futile. Under ERISA, statutory penalties apply only against the designated plan administrator, and courts - including the Tenth Circuit - have rejected attempts to impose a "de facto" administrator theory of liability. Also, plaintiff's new proposed allegations rely solely on speculation – not actual facts – and, therefore, cannot be the basis to allow discovery. Courts uniformly warn against and reject such "fishing expeditions." Finally, the amendment as to Union Pacific directly is impermissible as the proposed Amended Complaint acknowledges that plaintiff's purported request was not actually sent to the designated plan administrator as required. For these reasons, this Court should deny the Motion for Leave to File Amended Complaint.

II. L̲e̲g̲a̲l̲ ̲A̲n̲a̲l̲y̲s̲i̲s̲

**A.	Plaintiff's Proposed Amendment is Futile as it has No Factual Support.**

Fed. R. Civ. P. 15(a)(2) states, "a party may amend its pleading only with the opposing party's written consent or the court's leave." "Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson County Sch. Dist. v. Moody's Investor's Services,* 175 F.3d 848, 859 (10th Cir.1999)). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Services,* 175 F.3d 848, 859 (10th Cir.1999); *see Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991) (a court may dismiss a complaint on its own under Rule 12(b)(6) without giving the plaintiff a chance to amend if it is patently obvious that the plaintiff cannot prevail based on the facts alleged and amendment would be futile.).

"The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). "The district court [is] not required to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim." *McGee v. Hayes*, 43 F. App'x 214, 217 (10th Cir. 2002); *see Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000) (a plaintiff who files a lawsuit without any factual basis and then uses broad discovery based solely on conclusory allegations to find supporting evidence abuses the judicial process); *Clervrain v. United States*, 2019 WL 130288, at *1 (D. Kan. Jan. 8, 2019)

(discovery is not a "fishing expedition" to bolster vague, unsupported allegations); *see also Tottenham v. Trans World Gaming Corp.,* No. 00 Civ. 7697, 2002 WL 1967023, at *2 (S.D.N.Y.2002) ("Discovery, however, is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support.").

Plaintiff baldly argues that she needs an administrative services agreement because it may show that Union Pacific, as the plan administrator, delegated its statutory duties to provide documents to plan participants and beneficiaries to MetLife.[1] She offers no factual basis to support this assertion (either that such an agreement exists or, even if it somehow does, that it would contain such a provision). Indeed, her proposed amendment relies solely on conclusory assertions made "on information and belief" and lacks any good-faith factual foundation. (Doc. 26-1, ¶¶ 9-10; 37). Plaintiff even concedes that her claim is "not fully developed." (Doc. 26, p. 5). However, she cannot use discovery as a fishing expedition to hope to find credence for speculative claims. Courts make clear that discovery is not a proper tool for plaintiffs to hunt for evidence when their claims lack factual support. Filing a lawsuit (or attempting to amend a complaint) based on mere speculation and then using discovery to try to find proof is an abuse of the legal process. Before discovery can proceed, plaintiffs must present enough factual detail to show their claims are credible.

---

[1] Here, the plan benefits are subject to a certificate of insurance under which MetLife funds the plan benefits and serves as the claim administrator. During the administrative process, MetLife provided plaintiff with the certificate of insurance. In sum, there is no administrative services agreement between MetLife and Union Pacific.

Plaintiff's reliance on *M.S. v. Premera Blue Cross*, 118 F.4th 1248 (10th Cir. 2024), is misplaced. She argues that *Premera* supports her argument that she is entitled to receive any purported administrative services agreement between Union Pacific and MetLife. However, in *Premera*, statutory penalties were imposed on the plan administrator after the plaintiff specifically requested the agreement during the administrative process, where one existed and, the plan administrator failed to produce it. This case is clearly distinguishable because MetLife is the claim administrator, not the plan administrator, plaintiff never requested an administrative services agreement from MetLife during the administrative process and no such agreement exists. Thus, it cannot now form the basis of a penalties-based claim.

**B.     Plaintiff's Proposed Amendment is Futile as It is Not Legally Cognizable.**

"Section 1002(16)(A) provides that if a plan specifically designates a plan administrator, then that individual or entity is the plan administrator for purposes of ERISA." *McKinsey v. Sentry Ins.,* 986 F.2d 401, 404 (10th Cir. 1993). "The statutory language is clear and unambiguous, and admits of no other interpretation." *Id.* "ERISA requires the *plan administrator* to furnish certain information to plan participants and beneficiaries, either automatically or upon written request of the participant or beneficiary." *Id.* at 403 (emphasis added). "The duty to produce and liability for the failure or refusal to produce plan documents are placed on the 'administrator.'" *Mondry v. Am. Family Mut. Ins. Co.,* 557 F.3d 781, 793 (7th Cir. 2009). In contrast, claim administrators under an ERISA plan cannot "be held liable for the failure to supply participants with the plan documents they seek." *Id.* at 794; *see also McKinsey,* 986 F.2d at 405; *Thorpe v. Retirement Plan of the Pillsbury Co.,* 80 F.3d 439, 444 (10th Cir. 1996).

The Tenth Circuit has rejected the theory that statutory penalties may be imposed on a "de facto" plan administrator. In *McKinsey*, 986 F.2d at 403, the court declined to extend liability for penalties beyond the designated plan administrator. *See also Hadd v. Aetna Life Ins. Co.*, 2019 WL 4752041, at *12 (D. Kan. Sept. 30, 2019). Several federal circuits have likewise rejected attempts to impose penalties on "de facto" plan administrators, including those serving as claim administrators. *See Lee v. Burkhart*, 991 F.2d 1004, 1010 n.5 (2d Cir. 1993); *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 62 (4th Cir. 1992); *Gore v. El Paso Energy Corp.*, 477 F.3d 833, 842 (6th Cir. 2007); *Klosterman v. Western Gen. Mgmt. Inc.*, 32 F.3d 1119, 1122 (7th Cir. 1994); *Ibson v. United Healthcare Servs., Inc.*, 877 F.3d 384, 391 (8th Cir. 2017); *Griffith v. Sun Life Assur. Co. of Canada*, 143 F. App'x 8, 10 (9th Cir. 2005); and *Davis v. Liberty Mut. Ins. Co.*, 871 F.2d 1134, 1138 (D.C. Cir. 1989).

Because the Motion for Leave relies on a legally deficient theory that MetLife's was somehow obligated to provide plan documents as an agent of Union Pacific, the proposed Amended Complaint is futile and subject to dismissal. Plaintiff's attempt to evade this precedent by citing *Hamilton v. Allen-Bradley Co., Inc.*, 244 F.3d 819 (11th Cir. 2001) is unavailing. In *Hamilton*, the Eleventh Circuit held that, under the circumstances of that case, an employer could qualify as a co-plan administrator. *Id.* at 824. *Hamilton* involved an employer—not a claim administrator—and does not support extending a plan administrator's obligations onto a claim administrator such as MetLife.

**C. Plaintiff's Proposed Amendment Directly Against Union Pacific and its Representatives is Futile as Her Alleged Request Was Not Sent to the Plan Administrator.**

Even plaintiff's assertion that she made a direct request to Union Pacific for plan documents is belied by the actual proposed allegation, which notably states: "Union Pacific's Human Resources Department, which was then headed by Defendant Whited or Defendant Perkes and which acted as the agent of the plan administrator, was contacted by Mrs. Mayor by email on December 9, 2023; in her email she requested a copy of the accidental death insurance policy of her late husband, but she was never provided a copy." (Doc. 26-1, ¶ 23).

Even assuming the truth of this factual assertion, ERISA nonetheless requires that document requests be directed to the specifically designated plan administrator and at the stated address of the plan administrator. *See Brown v. Walgreens Income Prot. Plan for Store Managers*, No. 10-14442, 2012 WL 1060093, at *5 (E.D. Mich. Mar. 29, 2012) ("Plaintiff admitted that he requested the Plan from the Plan Administrator and not the address designated in the SPD for document requests… He has not followed the instructions in the SPD to obtain the Plan…""). Here, the proposed Amended Complaint alleges the request was sent to "Human Resources," not the specifically designated address of the plan administrator. (Doc. 26-1 at ¶ 23). In contrast the plan administrator is identified as Executive Vice President – Sustainability & Strategy, CHRO Union Pacific Railroad Company in the SPD. (Doc. 16-1, p. 255).

Also, the proposed allegation states that the request was sent by "email," however, no email address is listed for such requests for documents in the SPD. *Id.* Instead, "to contact" the plan administrator, correspondence is to be sent to a specified physical

address or calls made to a specifically listed telephone number as listed in the SPD. *Id.*[2] Therefore, this proposed factual allegation is insufficient to establish a cognizable claim against Union Pacific or its representatives. Plaintiff's proposed Amended Complaint is futile and cannot support a penalties claim.

### III. Conclusion

Because plaintiff's proposed amendment is futile, this Court should deny the Motion for Leave to File Amended Complaint.

Dated: July 10, 2025

>*/s/ Andres M. Hermosillo*
>Andres M. Hermosillo, Esq.
>Franz Hardy, Esq. (*pro hac vice admission*)
>GORDON REES SCULLY MANSUKHANI, LLP
>555 Seventeenth Street, Suite 3400
>Denver, Colorado 80202
>Telephone: (303) 534-5160
>ahermosillo@grsm.com; fhardy@grsm.com
>*Attorneys for Defendant Metropolitan Life Insurance Company*

---

[2] The administrative record shows that MetLife separately provided plaintiff with the physical address of the plan administrator and explained to plaintiff that any request for plan documents had to be submitted to that address.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel of record, this 10th day of July, 2025:

Ernest J. Istook, Jr., Esq.
Jacob S. Gunter, Esq.
HOWARD LEWIS & PETERSEN, P.C.
120 East 300 North Street
Provo, Utah 84606
istook@provolawyers.com
jacob@provolawyers.com

/s/ Andres M. Hermosillo
Andres M. Hermosillo, Esq.
Franz Hardy, Esq. (pro hac vice admission)
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
ahermosillo@grsm.com; fhardy@grsm.com
*Attorneys for Defendant Metropolitan Life Insurance Company*