UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| NICOLE B. MAYOR,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, itself and as administrator of Union Pacific Corporation Nonagreement Life Insurance Plan 0149653,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br>**(DOC. NO. 26)**<br><br>Case No. 1:25-cv-00012<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Nicole Mayor brought this action against Metropolitan Life Insurance Company (MetLife) after MetLife denied her claim for accidental death benefits under an employee welfare benefit plan governed by ERISA.[1] Ms. Mayor asserts two claims against MetLife, as the claims administrator, for (1) penalties for failure to provide required documents, and (2) denial of benefits.[2] MetLife has filed a motion to dismiss the first claim, arguing that because it is not the plan administrator, it is not liable under ERISA for failing to provide documents.[3]

---

[1] (*See* Compl., Doc. No. 1.)

[2] (*See id.*)

[3] (Mot. to Dismiss, Doc. No. 16.)  The motion to dismiss remains pending.

Ms. Mayor now moves for leave to amend her complaint to (1) add the plan administrators as defendants, and (2) add new allegations against MetLife.[4] Specifically, Ms. Mayor's proposed amended complaint alleges MetLife acted as the plan administrator's agent to receive ERISA document requests on behalf of the plan administrator, and that MetLife has an agreement with the plan administrator to pay any ERISA penalties for failure to provide documents.[5] MetLife opposes the motion, arguing the proposed amendments are futile.[6] Because MetLife's futility arguments are more appropriately addressed in the context of a motion to dismiss, and there is no other basis to deny leave to amend, Ms. Mayor's motion is granted.

## LEGAL STANDARDS

Rule 15 of the Federal Rules of Civil Procedure provides that unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[7] Rule 15 instructs courts to "freely give leave when justice so requires."[8] "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than

---

[4] (Mot. for Leave to File Am. Compl., Doc. No. 26.)

[5] (Proposed Am. Compl. ¶¶ 9–10, Doc. No. 26-1.)

[6] (Resp. to Mot. for Leave to File Am. Compl. (Resp.), Doc. No. 32.)

[7] Fed. R. Civ. P. 15(a)(2).

[8] *Id.*

on procedural niceties."[9]  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[10]  Prejudice to the opposing party is the "most important" factor in deciding whether to permit amendment.[11]

## ANALYSIS

MetLife opposes the motion to amend solely on the grounds that the proposed amendment would be futile.  Although leave to amend may be denied based on futility alone,[12] courts may decline to consider futility if it would be more appropriately addressed in dispositive motions.[13]  Particularly where futility arguments duplicate arguments which could be raised in a motion to dismiss, courts have found that addressing futility in a motion to amend "place[s] the cart before the horse," and

---

[9] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted).

[10] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted).

[11] *Minter*, 451 F.3d at 1207.

[12] *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[13] *See Lambe v. Sundance Mountain Resort*, No. 2:17-cv-00011, 2018 U.S. Dist. LEXIS 162268, at *7–8 (D. Utah Sept. 21, 2018) (unpublished) (declining to engage in a futility analysis where "the viability of [the new] claim is more appropriately addressed in the context of a dispositive motion as opposed to a motion for amendment"); *Stender v. Cardwell*, No. 07-cv-02503, 2011 U.S. Dist. LEXIS 38502, at *10–11 (D. Colo. Apr. 1, 2011) (unpublished) (declining to consider futility arguments based on failure to state a claim, where the opposing party failed to assert undue prejudice and could raise the same arguments in the context of a motion to dismiss).

"defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place."[14]

In this case, MetLife's futility arguments would be more appropriately addressed in dispositive motions.  First, MetLife argues Ms. Mayor lacks a good-faith factual basis for her new allegations that the plan administrator delegated to MetLife its duties to provide documents to plan participants and beneficiaries.[15]  Next, MetLife argues Ms. Mayor's amended claim against MetLife for failure to provide documents is not legally cognizable because the Tenth Circuit has rejected the theory that statutory penalties may be imposed on a "de facto" plan administrator rather than the designated plan administrator.[16]  Finally, MetLife argues Ms. Mayor's proposed claims against the proposed new defendants are futile because she fails to adequately allege she requested documents from the specifically designated plan administrator.[17]  These same arguments could be raised in a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Rather than forcing a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, these arguments would be more appropriately addressed in the context of a motion to dismiss.

---

[14] *Obeslo v. Great-West Cap. Mgmt.*, Nos. 16-cv-00230 & 16-cv-01215, 2017 U.S. Dist. LEXIS 223891, at *10 (D. Colo. Feb. 21, 2017) (unpublished), *R. & R. adopted*, 2017 U.S. Dist. LEXIS 223892 (D. Colo. Mar. 14, 2017) (unpublished).

[15] (Resp. 3–4, Doc. No. 32.)

[16] (*Id.* at 5–6.)

[17] (*Id.* at 7–8.)

This is particularly true where MetLife does not allege any undue delay, bad faith, or dilatory motive by Ms. Mayor, and does not assert it would suffer undue prejudice if the amendment were allowed. This is Ms. Mayor's first amendment, and the case is still in its initial stages: the motion to amend was filed before MetLife's motion to dismiss was fully briefed. Thus, none of the other factors justifying denial of leave to amend are present here.

For these reasons, the court declines to engage in a futility analysis at this stage. Where there is no other basis to deny leave to amend, justice requires leave to amend be granted.

## CONCLUSION

Ms. Mayor's motion to amend[18] is granted. Ms. Mayor shall file her amended complaint in the form attached the motion (docket number 26-1) within seven days. Once filed on the docket, the amended complaint will be the operative pleading in this case.

DATED this 1st day of August, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[18] (Doc. No. 26.)