THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Nicole B. Mayor,<br><br>           Plaintiff,<br><br>v.<br><br>Metropolitan Life Insurance Company, itself and as administrator of Union Pacific Corporation Nonagreement Life Insurance Plan 0149653;<br>Elizabeth F. Whited, as administrator of Union Pacific Corporation Nonagreement Life Insurance Plan;<br>Joshua K. Perkes, as administrator of Union Pacific Corporation Nonagreement Life Insurance Plan;<br>and<br>J-Doe, as administrator of Union Pacific Corporation Nonagreement Life Insurance Plan,<br><br>           Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [45] DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 1:25-cv-00012-DBB-DAO<br><br>District Judge David Barlow |

    Before the Court is Defendant Metropolitan Life Insurance Company's ("MetLife") Motion to Dismiss[1] the first cause of action in Plaintiff Nicole Mayor's Amended Complaint.[2]

## BACKGROUND

    This case arises out of an insurance dispute between Ms. Mayor and the Defendants. In her Complaint, Ms. Mayor alleges the following. Casey Mayor was Ms. Mayor's husband.[3] He

---

[1] Mot. to Dismiss (Partial) ("PMTD"), ECF. No. 45, filed Sep. 2, 2025.
[2] Amended Compl. ("Compl."), ECF No. 35, filed Aug. 5, 2025.
[3] *Id.* ¶ 11.

1

was employed by Union Pacific until his death, which was accidental as defined by Utah law.[4] Through his employment at Union Pacific, Mr. Mayor participated in an employee pension benefit plan (the "Plan") issued by MetLife.[5] The Plan is subject to the statutory requirements of the Employee Retirement Income Security Act ("ERISA").[6] During Mr. Mayor's participation in the Plan, a Union Pacific Officer served as the plan administrator and in that capacity had a statutory obligation to provide information and documents to beneficiaries upon request.[7] MetLife acted as an agent on behalf of the plan administrator and had an agreement with the plan administrator that MetLife would pay ERISA penalties for any failure to provide necessary information.[8]

After Mr. Mayor passed away, Ms. Mayor claimed the insurance benefits as the sole beneficiary of her husband's life insurance and accidental death coverage.[9] Her claim for accidental death benefits was rejected by MetLife on the basis of a policy exclusion.[10] Ms. Mayor appealed this denial and requested additional information about the Policy from MetLife, but the appeal and requests were likewise denied.[11] Ms. Mayor's request to receive a copy of the relevant insurance policy from Union Pacific's human resources department was also not granted.[12] She now asserts two claims against Defendants: (1) a failure to provide information as

---

[4] *Id.* ¶¶ 12–14.
[5] *Id.* ¶¶ 3, 14.
[6] *Id.* ¶ 4.
[7] *Id.* ¶¶ 5–7, 9.
[8] *Id.* ¶¶ 8–10.
[9] *Id.* ¶ 17.
[10] *Id.* ¶¶ 24–25.
[11] *Id.* ¶¶ 26–31.
[12] *Id.* ¶ 23.

required by ERISA and (2) improper denial of her claim.[13] MetLife seeks to dismiss the first cause of action for failure to state a claim.[14]

## STANDARD

"Dismissal under Rule 12(b)(6) is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face."[15] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] "In evaluating a motion to dismiss, the court must take as true all well-pleaded facts, as distinguished from conclusory allegations, view all reasonable inferences in favor of the nonmoving party, and liberally construe the pleadings."[17] Conclusory statements and legal conclusions are "not entitled to the assumption of truth."[18]

Generally, "a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings."[19] "However, notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, 'the district court may consider documents referred to in the

---

[13] *Id.* ¶¶ 33–39.
[14] *See* PMTD 2–3.
[15] *Abdi v. Wray*, 942 F.3d 1019, 1025 (10th Cir. 2019) (citing *United States ex rel. Reed v. KeyPoint Gov't Sols.*, 923 F.3d 729, 764 (10th Cir. 2019)).
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).
[17] *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1130–31 (10th Cir. 2024) (quoting *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021)) (also quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002)) (cleaned up).
[18] *Iqbal*, 556 U.S. at 1951 (emphasis omitted).
[19] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Prager v. LaFaver*, 180 F.3d 1185, 1188 (10th Cir. 1999)).

complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"[20]

## DISCUSSION

MetLife moves to dismiss the first cause of action against it on the grounds that it is the Plan's claim administrator and that Union Pacific is the policyholder and plan administrator.[21] Ms. Mayor responds that MetLife improperly includes material outside the pleadings, is withholding certain documents, and that discovery should be permitted in this matter.[22] Both parties reference and include various documents and evidence outside the Complaint in their respective pleadings.[23] Because these additional exhibits and documents are unnecessary to resolve the motion, the court will not consider them and will not decide if any fall under an exception that would allow for their consideration. Ms. Mayor's arguments about the availability and breadth of discovery also go beyond the scope of this motion.

Under an ERISA insurance policy, the plan administrator must, "upon written request of any participant or beneficiary," furnish a plan summary, description, and all other agreements or "instruments under which the plan is established or operated."[24] Failure or refusal to comply with such a request for information can result in the plan administrator being liable to the participant or beneficiary for up to $110 per day "from the date of such failure or refusal."[25] The

---

[20] *Id.* (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).
[21] PMTD 3.
[22] Response Objecting to Partial Motion to Dismiss ("Opp'n"), ECF No. 54, filed Sep. 30, 2025.
[23] *See* PMTD; Opp'n.
[24] 29 U.S.C.A. § 1024(b)(4).
[25] 29 U.S.C.A. § 1132(c)(1) (Amount adjusted from $100 to $110 by 29 C.F.R. § 2575.502c–1).

administrator is defined as "the person specifically so designated by the terms of the instrument under which the plan is operated."[26]

Only a plan administrator can be liable for failing to provide information as required by ERISA.[27] The Tenth Circuit has rejected the notion that an entity other than the plan administrator "specifically designated" in the plan could be considered a "de facto administrator" for liability purposes simply by undertaking the duties of a plan administrator.[28] The plain language of § 1132(c) precludes such a finding.[29] In some cases, if another person acts as an agent to the plan administrator to carry out the statutory ERISA duties, that person's failure to provide information could be imputed to the plan administrator.[30] However, even in an agency scenario, statutory liability only accrues to the plan administrator, not the party acting on its behalf.[31] Thus, only a plan administrator, not a claims administrator or some other party acting on its behalf, can be held liable for failing to provide the necessary information required by the ERISA statute.[32]

---

[26] 29 U.S.C.A. § 1002(16)(A)(i).
[27] *William H. v. United Healthcare Ins. Co*., No. 2:24-CV-00531-RJS-DBP, 2025 WL 2194211, at *7 (D. Utah Aug. 1, 2025) ("[T]he case law is clear that only a plan administrator is liable for a failure to respond to a documents request."); *Thorpe v. Ret. Plan of Pillsbury Co*., 80 F.3d 439, 444 (10th Cir. 1996) ("Such causes of action may be brought only against designated plan administrators."); *McKinsey v. Sentry Ins*., 986 F.2d 401, 403 (10th Cir. 1993) ("[W]e agree with the district court that Sentry was not the plan administrator and, therefore, cannot be held liable under § 1132(c).").
[28] *McKinsey*, 986 F.2d at 404–405; *J.W. v. United Healthcare Ins. Co*., No. 2:23-CV-193-DAK-DBP, 2024 WL 840714, at *5 (D. Utah Feb. 28, 2024) ("The Tenth Circuit has rejected the idea of a 'de facto administrator,' meaning an expansive definition of "administrator" that extends the status to unnamed parties.").
[29] *McKinsey*, 986 F.2d at 404–405.
[30] *Id*.; *see also Julian B. v. Regence Blue Cross & Blue Shield of Utah*, No. 2:19-CV-471-TC, 2020 WL 1955222, at *5 (D. Utah Apr. 23, 2020) ("[A]n actual plan administrator could be liable for the actions of an agent."); *William H.*, 2025 WL 2194211, at *7 ("[U]nder the appropriate circumstances an administrator may be liable for the actions of others.").
[31] *McKinsey,* 986 F.2d 401 at 404–05. ("[T]he actions of the other employees may be imputed to the plan administrator. The statutory liability for failing to provide requested information remains with the designated plan administrator, however, not with the employer or its other employees.")
[32] *See David P. v. United Healthcare Ins. Co*., No. 219CV00225JNPPMW, 2020 WL 607620, at *19–20 (D. Utah Feb. 7, 2020) ("Because Plaintiffs directed their documents requests to United, the claims administrator, and not to

Here, Ms. Mayor expressly alleges that either Defendant Whited or Defendant Perkes was the plan administrator as an officer of Union Pacific.[33] Both are parties to this lawsuit solely in their capacity as plan administrator.[34] Though the Amended Complaint states in one paragraph that MetLife generally "sells and provides life insurance, and [] also serves as administrator of a plan it describes as the Union Pacific Nonagreement Life Insurance Plan,"[35] it only alleges that MetLife served as an *agent* of the plan administrator in this instance.[36] Ms. Mayor states that "Defendant MetLife at all pertinent times was an agent of the plan administrator and an agent of the Plan for purposes of fulfilling the plan administrator's obligations," including the statutory information requirements.[37] She also alleges that "MetLife had agreed with the plan administrator that MetLife would pay any ERISA penalties for failing to provide material under 29 U.S.C. §1132(c)."[38] In the first cause of action, Ms. Mayor primarily claims that "[t]he plan administrator failed and refused to provide Plaintiff with information as ERISA requires,"[39] and she only alleges that MetLife is also liable for statutory penalties because it "agreed with the plan administrator that MetLife would pay any ERISA penalties for failing to provide material."[40]

The Amended Complaint clearly alleges that Union Pacific executives, not MetLife, served as the plan administrator. Ms. Mayor's theory of statutory liability for MetLife is based entirely on alleged agreements creating an agency relationship between MetLife and the plan

---

MSCHRO, the plan administrator, Plaintiffs' requests did not trigger the ERISA disclosure requirements and therefore do not warrant imposing statutory penalties."); *L.L. v. Anthem Blue Cross Life & Health Ins*., 661 F. Supp. 3d 1106, 1113 (D. Utah 2023).
[33] Compl. ¶¶ 5–6.
[34] *Id.*
[35] *Id.* ¶ 3.
[36] *Id.* ¶¶ 9–10.
[37] *Id.* ¶ 9.
[38] *Id.* ¶ 10.
[39] *Id.* ¶ 33.
[40] *Id.* ¶ 37

administrator. Even taking these allegations as true, the Amended Complaint fails to state a claim against MetLife for not providing the information required under ERISA. It is well established that only the plan administrator, not a "de facto" plan administrator, and not the plan administrator's agent, can be liable for statutory penalties under § 1132(c).[41] Therefore, allegations that MetLife acted as the plan administrator's agent are insufficient to plausibly state a claim for failure to provide information against MetLife. The first cause of action is dismissed as to Defendant MetLife.

## ORDER

MetLife's [45] partial Motion to Dismiss is GRANTED.

Signed November 21, 2025.

BY THE COURT

_____
David Barlow
United States District Judge

---

[41] *See Boone v. Leavenworth Anesthesia, Inc.*, No. CIV. A. 90-2156-V, 1992 WL 220788, at *5 (D. Kan. Aug. 25, 1992), aff'd, 20 F.3d 1108 (10th Cir. 1994) (Imposing statutory penalties under § 1132(c) against a plan administrator for the actions of its agent but refusing to impose the statutory penalty on that agent).