UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Nicole B. Mayor,<br><br>        Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, itself and as administrator of Union Pacific Corporation Nonagreement Life Insurance Plan 0149653, et al.,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFF'S [90] OBJECTION**<br><br>Case No. 1:25-cv-00012-DBB-DAO<br><br>District Judge David Barlow |

Before the court is Plaintiff Nicole B. Mayor's Objection[1] to a magistrate judge order granting in part and denying in part a discovery motion.[2]

**BACKGROUND**

This case is an insurance dispute between Ms. Mayor and the Defendants that arises under the Employee Retirement Income Security Act ("ERISA"). In December 2025, Defendants filed the administrative record.[3] On January 20, 2026, Ms. Mayor filed a motion requesting additional discovery.[4] She also filed an accompanying objection to the administrative record that incorporated her discovery request.[5] In her motion, Plaintiff argued that additional discovery was necessary relating to (1) Metropolitan Life Insurance Company's ("MetLife") conflict of interest

---

[1] Objection, ECF No. 90, filed May 28, 2026.
[2] Order Granting in Part and Denying in Part Motion for Discovery ("MJ Order"), ECF No. 87, entered May 14, 2026.
[3] Administrative Record, Bates Numbers 1–634 ("AR"), filed Dec. 11, 2025.
[4] Plaintiff's Motion for Discovery ("Discovery Motion"), ECF No. 68, filed Jan. 20, 2026.
[5] Objection to Administrative Record ("AR Objection"), ECF No. 69, filed Jan. 20, 2026.

1

as the claims payor and claims administrator; (2) additional plan documents, including a "Master Plan Document" and documents related to MetLife's discretionary authority; (3) Defendants' consideration of whether, under Utah law, the deceased made a "voluntary" ingestion of fentanyl; and (4) MetLife's authorization to respond to records requests.[6] Plaintiff concluded her discovery motion with a list of seventeen specific documents or groups of documents sought in connection with her motion and objection.[7] Following the parties' briefing, the magistrate judge granted in part and denied in part Ms. Mayor's discovery motion.[8] Ms. Mayor subsequently filed an objection to the order on numerous grounds.[9]

## STANDARD

When reviewing an objection to a magistrate judge's non-dispositive ruling, the court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[10] To overturn a decision as clearly erroneous, the court must be left with a "definite and firm conviction that a mistake has been committed."[11]

## DISCUSSION

When reviewing an insurance administrator's decision under ERISA, courts are generally limited to reviewing the administrative record,[12] which consists of "the materials compiled by the administrator in the course of making his decision."[13] Rule 26(b) of the Federal Rules of Civil

---

[6] Discovery Motion 2–3.
[7] *Id.* at 22–24.
[8] *See* MJ Order.
[9] *See* Objection.
[10] Fed. R. Civ. P. 72(a); 28 U.S.C.A. § 636(b)(1)(A).
[11] *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).
[12] *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1157 (10th Cir. 2010).
[13] *Hall v. UNUM Life Ins. Co. of Am.*, 300 F.3d 1197, 1201 (10th Cir. 2002).

Procedure governs discovery requests in ERISA cases, and the Tenth Circuit has additionally cautioned that parties should not "be allowed to use discovery to engage in unnecessarily broad discovery that slows the efficient resolution of an ERISA claim."[14]

In her objection, Plaintiff argues that the magistrate judge made numerous errors, primarily in holding that Plaintiff failed to identify specific documents that are missing from the administrative record.[15] Plaintiff also contends that the magistrate judge ignored the necessary existence of certain missing documents and improperly added other documents to the administrative record.[16] The court will consider these objections as they relate to specific rulings in the magistrate judge order.

## I.      Standard of Review

As an initial matter, Ms. Mayor suggests that the court should review the magistrate judge order *de novo* under Rule 72(b)(3) of the Federal Rules of Civil Procedure.[17] This is incorrect. Rule 72(a) governs review of magistrate judge orders on nondispositive matters, and it states that the court may only set aside orders that are "clearly erroneous or [] contrary to law."[18] In contrast, Rule 72(b) requires *de novo* review of magistrate judge orders on dispositive motions when timely objections are made.[19] The order at issue here is nondispositive because it relates to discovery disputes and the completeness of the administrative record. Accordingly, the court reviews the order and Plaintiff's objection under the clear error standard.

---

[14] *Murphy*, 619 F.3d at 1162–63.
[15] Objection 3.
[16] *Id.* at 3.
[17] *Id.* at 2–3.
[18] Fed. R. Civ. P. 72(a).
[19] Fed. R. Civ. P. 72(b)(3).

## II.    Other Plan Documents

Plaintiff's primary objection is that the magistrate judge failed to order the production of additional plan documents.[20] In her initial discovery request, Ms. Mayor argued that MetLife only produced a summary plan description rather than a master plan document and requested that MetLife produce the master plan document.[21] To support her position, Plaintiff argued that ERISA requires a written plan document in 29 U.S.C.A. § 1102(a)(1)[22] and a summary plan document in § 1022(a),[23] indicating that the two must be separate documents.[24] She also argued that Defendants repeatedly referenced "the Plan" in their answer but failed to produce it as part of the administrative record.[25] Defendants responded by asserting that the summary plan description and the certificate of insurance serve as the official plan documents and were already produced in the administrative record.[26]

The magistrate judge found that Plaintiff's various requests for all documents comprising, governing, or related to "the Plan" were speculative and unnecessary, as Plaintiff failed to provide any authority to support her contention that a separate master plan document must exist.[27] The magistrate judge also found that Ms. Mayor failed to respond to Defendant's assertions that the governing plan documents consist of the policy, the certificate of insurance, and the summary plan description that were already produced.[28] However, the magistrate judge

---

[20] Objection 5–7, 9–10.

[21] Discovery Motion 9.

[22] 29 U.S.C.A. § 1102(a)(1) ("Every employee benefit plan shall be established and maintained pursuant to a written instrument.").

[23] 29 U.S.C.A. § 1022(a) ("A summary plan description of any employee benefit plan shall be furnished to participants and beneficiaries.").

[24] Discovery Motion 9.

[25] *Id.* at 19–20, 22.

[26] Response to Objections to Administrative Record ("AR Objection Response") 3, ECF No. 72, filed Feb. 3, 2026.

[27] MJ Order 13–14.

[28] *Id.* at 14.

4

noted that all plan documents compiled by MetLife in the course of denying the claim must be in the record and ordered MetLife to either supplement the record or provide a verified statement to Plaintiff that the record is complete.[29]

Plaintiff now objects that the magistrate judge erred in denying the requests as too speculative and ignored Supreme Court precedent that requires a distinct summary plan description and master plan document.[30] She cites to the case *CIGNA Corp. v. Amara*, in which the Supreme Court held that "summary documents, important as they are, provide communication with beneficiaries *about* the plan, but that their statements do not themselves constitute the *terms* of the plan."[31] But the Tenth Circuit subsequently clarified that "*Amara* held that a court may not enforce the terms of a summary plan description which conflict with the terms of the plan."[32] The Tenth Circuit held that provisions of the summary plan description are enforceable when they do not conflict with the plan or when they expressly state that they are part of the plan.[33]

In light of binding Tenth Circuit precedent, the summary plan description here could operate as the required ERISA plan document alongside the insurance policy, just as MetLife argued. Thus, it was not clear error for the magistrate judge to find that Ms. Mayor failed to show that any specific plan documents were missing.[34] This is especially true when considering

---

[29] *Id.* at 14–15.
[30] Objection 5–6, 9–10.
[31] *CIGNA Corp. v. Amara*, 563 U.S. 421, 438 (2011) (emphasis in original).
[32] *Holmes v. Colorado Coal. for Homeless Long Term Disability Plan*, 762 F.3d 1195, 1200 (10th Cir. 2014).
[33] *Id.*
[34] MJ Order 14.

that the magistrate judge still essentially granted Plaintiff's motion by requiring production of any additional plan documents compiled in the course of denying Ms. Mayor's claim.[35]

## III.   Choice of Law

Ms. Mayor next objects that the magistrate judge improperly required MetLife to supplement the administrative record to include an insurance application document.[36] In her discovery motion, Ms. Mayor requested production of documents related to MetLife's consideration of "proper choice of law" and the applicability of Utah law.[37] In its response, MetLife argued that Plaintiff's choice of law requests were unfounded because the policy was issued in Nebraska and requires application of Nebraska law.[38] To support this assertion, MetLife attached the relevant "Application for Group Insurance" as an exhibit to its opposition brief.[39]

The magistrate judge held that, because the application document constitutes part of the contract between the parties and was apparently relied upon by MetLife in determining what law applied to Ms. Mayor's claim, it must be included in the administrative record.[40] Plaintiff argues that it was clear error to include the application document in the administrative record because the document is dated after the relevant insurance policy was issued and because it was unsupported by proper authentication under oath.[41]

---

[35] *Id.*
[36] Objection 7–8.
[37] Discovery Motion 13, 23.
[38] Opposition to Discovery Motion ("Discovery Motion Opp'n") 5–6, ECF No. 71, filed Feb. 3, 2026.
[39] Application for Group Insurance ("Application"), ECF No. 71-1, filed Feb. 3, 2026.
[40] MJ Order 20–21.
[41] Objection 8–9.

The court finds that it was not clearly erroneous to order the inclusion of this document in the administrative record. Regarding Plaintiff's first argument, the application is dated September 1, 2020.[42] Plaintiff asserts that the insured was enrolled in 2018, prior to the application.[43] But the administrative record shows that the policy in effect at the time of the events in question became effective on January 1, 2023.[44] Thus, the application preceded the relevant policy and could have been considered by MetLife in denying the claim. Regarding the second argument, Ms. Mayor offers no authority to support her assertion that each document in an ERISA administrative record must be authenticated under oath.[45] Accordingly, the magistrate judge's order was not clearly erroneous.

## IV.    Other Objections

Plaintiff next objects that the magistrate judge treated "mere assertions by Defendants' attorneys as factual" because the magistrate judge accepted and referenced certain arguments in the order.[46] But it is not erroneous for a judge to reference a party's arguments in an order or to determine that one party's arguments are more credible than another's. Ms. Mayor also argues that the magistrate judge concluded that certain discovery requests related only to her conflict-of-interest arguments when they were also relevant to other areas of requested discovery, like MetLife's delegated authority, discretion under the plan, and role as a Union Pacific agent.[47] However, the magistrate judge independently considered each of Plaintiff's requested categories

---

[42] *See* Application.
[43] Objection 7.
[44] AR 112.
[45] Objection 7–9.
[46] *Id.* at 8.
[47] *Id.* at 10.

of discovery, including these ones.[48] Regardless, it is not clear error for a magistrate judge faced with an overly broad discovery request to consider only the principal arguments in favor of that discovery rather than every potential application of the requested category of documents.

## ORDER

Plaintiff's [90] Objection to the magistrate judge Order Granting in Part and Denying in Part Motion for Discovery is OVERRULED.

Signed June 24, 2026.

BY THE COURT

_____

David Barlow
United States District Judge

---

[48] *See* MJ Order 15, 23.